# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

WILLIAM B. ALSWORTH,      )
                                )

      Petitioner,       )
                                )

v.                           )      Civil Action No. 3:10CV177-HEH
                                )

COMMONWEALTH OF VIRGINIA,  )
                                )

      Respondent.     )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2254 Petition)

Petitioner brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court for Chesterfield County ("Circuit Court") for first-degree murder. Respondent has moved to dismiss on the ground that, *inter alia*, the petition is barred by the relevant statute of limitations. Petitioner has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On September 26, 1977, the Circuit Court sentenced Petitioner to life in prison for murder. (§ 2254 Pet. ¶¶ 2(b), 3.) Petitioner appealed his conviction. On July 28, 1978, the Supreme Court of Virginia refused Petitioner's petition for appeal. *Alsworth v. Commonwealth*, No. 780085 (Va. July 28, 1978).

Respondent represents that "[t]he passage of time has . . . hindered respondent's ability to determine the full extent of [Petitioner's] prior [state] habeas corpus litigation." (Resp't's Br. Supp. Rule 5 Answer & Mot. Dismiss ("Resp't's Br.") ¶ 3.) Furthermore,

Petitioner failed to provide any details of his state habeas litigation submitted prior to 1995. (§ 2254 Pet. 3–4.) On January 17, 1995, the Supreme Court of Virginia dismissed a habeas petition filed by Petitioner. *Alsworth v. Dir., Dep't Corr.*, No. 942040 (Va. Jan. 17, 1995). The Supreme Court of Virginia concluded that petition was barred by section 8.01-654(B)(2) of the Virginia Code.[1] *Id.*

In 2006, Petitioner filed a state habeas petition with the Circuit Court. (Resp't's Br. ¶ 3.) On May 27, 2008, the Circuit Court dismissed the petition. (*Id.*) Petitioner appealed that decision to the Supreme Court of Virginia. On March 17, 2009, the Supreme Court of Virginia refused Petitioner's petition for appeal. (*Id.*)

On or about March 12, 2010, Petitioner executed his present § 2254 petition and mailed the same to the United States District Court for the Western District of Virginia. For purposes of the present motion, the federal petition will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2378, 2385 (1988). By Memorandum Order entered on March 17, 2010, the United States District Court for the Western District of Virginia transferred the § 2254 Petition to this Court.[2]

---

[1] That statute provided that:

> [A petition for a writ of habeas corpus] shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. 8.01-654(B)(2) (Michie 1995).

[2] It is doubtful that Petitioner has adequately pled any basis for federal habeas corpus relief. In his § 2254 Petition, Petitioner does not identify any defects in his trial and conviction.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28

U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a

writ of habeas corpus by a person in custody pursuant to the judgment of a state court.

The statute provides in pertinent part::

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Furthermore, when a prisoner's conviction became final prior to the

---

Rather, he complains about the actions of the Circuit Court in denying his 2006 state petition for a writ of habeas corpus. However, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because Petitioner is detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 162 (2008).

enactment of AEDPA on April 24, 1996, the prisoner had a full year after the enactment

in which to file a federal petition for a writ of habeas corpus. *See Brown v. Angelone*,

150 F.3d 370, 375 (4th Cir. 1998).

## III. ANALYSIS

Petitioner's conviction became final, as that term is defined in 28 U.S.C.

§ 2244(d)(1)(A), on Thursday, October 26, 1978, the last date to pursue a petition for a

writ of certiorari to the Supreme Court of the United States. *See Clay v. United States*,

537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003). Because Petitioner's conviction

became final prior to the passage of the AEDPA, Petitioner had one year from the Act's

effective passage to file his § 2254 Petition. Thus, under the grace period, he had until

April 24, 1997 to file his federal petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 439

(4th Cir. 2000). Petitioner, however, did not submit his § 2254 Petition within that time

frame. Hence, the current petition is barred by the statute of limitations unless Petitioner

demonstrates that he is entitled to a belated commencement of the limitation period under

28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Petitioner does not advance any

coherent basis for a belated commencement of the limitation period or for equitable

tolling.

The motion to dismiss will be granted. The petition for a writ of habeas corpus

will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a

judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3395 n.4 (1983)). For the reasons stated above, Petitioner is not entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date:_____
Richmond, Virginia

5